UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHAWN B.,

          Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.
_____

**DECISION AND ORDER**

1:20-CV-00528 EAW

## **INTRODUCTION**

Represented by counsel, plaintiff Shawn B. ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying his applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).

Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 17; Dkt. 18), and Plaintiff's reply (Dkt. 20). For the reasons discussed below, Plaintiff's motion (Dkt. 17) is granted in part, the Commissioner's motion (Dkt. 18) is denied, and the case is remanded to the Commissioner for further proceedings consistent with this Decision and Order.

## BACKGROUND

Plaintiff protectively filed his applications for SSI and DIB on August 17, 2016, and September 13, 2016, respectively. (Dkt. 11 at 20, 81, 82).[1] In his applications, Plaintiff alleged disability beginning February 22, 2015. (*Id.* at 20, 243, 276). Plaintiff's applications were initially denied on December 19, 2016. (*Id.* at 20, 144-58). At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Gregory Moldafsky on September 12, 2018. (*Id.* at 20). On February 15, 2019, the ALJ issued an unfavorable decision. (*Id.* at 17-46). Plaintiff requested Appeals Council review; his request was denied on March 24, 2020, making the ALJ's determination the Commissioner's final decision. (*Id.* at 6-11). This action followed.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept

---

[1] When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II. Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id*. §§ 404.1509, 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920. Initially, the ALJ

determined that Plaintiff met the insured status requirements of the Act through December 31, 2017. (Dkt. 11 at 22). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since February 22, 2015, the alleged onset date. (*Id.*).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of "attention deficit hyperactivity disorder (ADHD), bipolar, antisocial personality disorder, status post right colectomy, obesity, bilateral carpal tunnel syndrome, and degenerative disc disease of the cervical and lumbar spines." (*Id.*). The ALJ further found that Plaintiff's medically determinable impairments of hypertension, hyperlipidemia, vitamin D deficiency, gastroesophageal reflux diseases, and Barrett's esophagus were non-severe. (*Id.* at 23).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.*). The ALJ considered Listings 1.02, 1.04, 5.00, 12.04, 12.08, and 12.11, as well as Plaintiff's obesity, in reaching this conclusion. (*Id.* at 23-24).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that:

> [Plaintiff] can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. [Plaintiff] can occasionally stoop, crouch, balance, and kneel, but never crawl. He can occasionally perform overhead reaching with his bilateral upper extremities. [Plaintiff] can frequently handle and finger with his bilateral upper extremities. He can never work at unprotected heights. Additionally, [Plaintiff] is limited to simple (as defined in the Dictionary of Occupational Titles (DOT) as specific vocational preparation (SVP) ratings 1 and 2)[)] routine and repetitive tasks in a work environment that is not fast paced or has strict production quotas (e.g. work that is goal based or measured by end results). He is limited to incidental contact with the general public and no more than occasional contact with co-workers and

>supervisors. He is limited to jobs where changes in work setting or processes are few, if any, and changes are explained in advance. [Plaintiff] is limited to jobs where his job responsibilities are performed without close teamwork, tandem work, or over-the-shoulder supervision.

(*Id.* at 26).

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (*Id.* at 39).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of scaling machine operator, bakery worker, and zipper ironer operator. (*Id.* at 39-40). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.* at 40-41).

## II.    Remand of this Matter for Further Proceedings is Necessary

Plaintiff asks the Court to remand this matter to the Commissioner, arguing that the ALJ's RFC finding is unsupported by substantial evidence because: (1) the ALJ improperly substituted his own non-medical judgment as a lay person for competent medical opinion; and (2) the ALJ failed at step three to appropriately consider whether Plaintiff met Listing 12.04 for depressive, bipolar, and related disorders. (Dkt. 17-1). The Court has considered each of these arguments and, for the reasons discussed below, finds that the ALJ erred in his consideration of Listing 12.04 and that this error necessitates remand for further administrative proceedings.

### A. The ALJ's Step Three Finding

"Plaintiff has the burden of proof at step three to show that [his] impairments meet or medically equal a Listing." *Rockwood v. Astrue*, 614 F. Supp. 2d 252, 272 (N.D.N.Y. 2009), *adopted*, 614 F. Supp. 2d 252 (N.D.N.Y. 2009). "To match an impairment in the Listings, the claimant's impairment must meet all of the specified medical criteria of a listing." *Loescher v. Berryhill*, No. 16-CV-300-FPG, 2017 WL 1433338, at *3 (W.D.N.Y. Apr. 24, 2017) (internal quotation and citation omitted). "If a claimant's impairment manifests only some of those criteria, no matter how severely, such impairment does not qualify." *Rockwood*, 614 F. Supp. 2d at 272 (internal quotations and citations omitted).

An ALJ is required to provide an explanation "as to why the claimant failed to meet or equal the Listings, '[w]here the claimant's symptoms as described by the medical evidence appear to match those described in the Listings.'" *Rockwood*, 614 F. Supp. 2d at 273 (alteration in original) (quoting *Kuleszo v. Barnhart*, 232 F. Supp. 2d 44, 52 (W.D.N.Y. 2002)). "[I]t is the ALJ's responsibility . . . to build an accurate and logical bridge from the evidence to [his or her] conclusion to enable a meaningful review," and "[t]he Court cannot . . . conduct a review that is both limited and meaningful if the ALJ does not state with sufficient clarity the legal rules being applied and the weight accorded the evidence considered." *Loescher*, 2017 WL 1433338, at *3 (internal quotations and citations omitted) (second alteration in original). An ALJ's failure to provide an analysis of a claimant's symptoms with respect to the Listings can justify remand. *Monsoori v. Comm'r of Soc. Sec.*, No. 1:17-CV-01161-MAT, 2019 WL 2361486, at *3 (W.D.N.Y. June 4, 2019) (citing

*Torres v. Colvin*, No. 14-CV-479S, 2015 WL 4604000, at *4 (W.D.N.Y. July 30, 2015) and *Cherico v. Colvin*, No. 12 Civ. 5734(MHD), 2014 WL 3939036, at *28 (S.D.N.Y. Aug. 7, 2014)). However, "[a]n ALJ's unexplained conclusion [at step three] of the analysis may be upheld where other portions of the decision and other 'clearly credible evidence' demonstrate that the conclusion is supported by substantial evidence." *Ryan v. Astrue*, 5 F. Supp. 3d 493, 507 (S.D.N.Y. 2014) (citation omitted).

As another judge in this District recently explained:

Listing 12.04 covers depressive, bipolar and related disorders. To meet this listing, a claimant's conditions must satisfy the criteria in paragraph A and either paragraph B or C of the listing. Under paragraph A, a finding of depressive disorder requires medical documentation of five or more of the following: depressed mood; diminished interest in almost all activities; appetite disturbance with change in weight; sleep disturbance; observable psychomotor agitation or retardation; decreased energy; feelings of guilt or worthlessness; difficulty concentrating or thinking; or thoughts of death or suicide. Under paragraph B, there must be extreme limitation of one, or marked limitation of two, of the following areas of mental functioning: understanding, remembering or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing oneself. For paragraph C, there must be a medically documented history of the existence of the disorder over a period of at least 2 years, as well as evidence of both medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder and minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life.

*Julian A. v. Comm'r of Soc. Sec.*, No. 19-CV-1373-FPG, 2021 WL 948046, at *3 (W.D.N.Y. Mar. 12, 2021) (quotations, citations, and alteration omitted).

In this case, the ALJ found at step three that Plaintiff had a mild limitation in understanding, remembering, or applying information; a moderate limitation in interacting with others; a moderate limitation in concentrating, persisting, or maintaining pace; and a

moderate limitation for adapting or managing oneself.  (Dkt. 11 at 24-25).  Plaintiff argues that the ALJ's step three findings are inconsistent with his later conclusions in assessing Plaintiff's RFC.  Defendant has offered no response to this aspect of Plaintiff's argument.  The Court agrees with Plaintiff that the ALJ's decision is internally inconsistent, that the error is not harmless, and that remand is accordingly required.

First, the ALJ found in his RFC analysis that Plaintiff could have only incidental contact with the general public and no more than occasional contact with co-workers and supervisors.  (*Id*. at 26).  These severe restrictions are not, on their face, consistent with only a moderate limitation.  *See Jay v. Comm'r of Soc. Sec.*, No. 17-CV-59S, 2018 WL 3688315, at *3 (W.D.N.Y. Aug. 3, 2018) ("Although the ALJ found that Plaintiff had only 'moderate' difficulties in maintaining social functioning at Step 3, she determined in her RFC analysis that Plaintiff had to be limited to 'occasional, incidental' interaction with co-workers and the public and 'occasional' interaction with supervisors. Requiring only incidental interaction with others appears to exceed a 'moderate limitation.'"); *see also Ricottelli v. Saul*, No. 3:18CV01314(SALM), 2019 WL 11276514, at *17 (D. Conn. Sept. 26, 2019) ("Plaintiff's RFC limits her to occasional interaction with coworkers and no interaction with the public.  Courts within the Second Circuit have repeatedly found that such restrictions are not only consistent with marked limitations, but that the imposition of such restrictions after concluding that a claimant had only moderate restrictions in social functioning, as the ALJ did here, constitutes independent reversible error." (quotations, citations, and alteration omitted)).  Further, the ALJ afforded great weight to the opinion of the State agency psychological consultant who opined that Plaintiff was capable of "brief

and superficial contact" with coworkers and the public (Dkt. 11 at 36), but offered no explanation for how this conclusion was consistent with only a moderate limitation in social interaction.

Second, the ALJ found in his RFC analysis that Plaintiff was limited to simple, repetitive, and routine tasks, that he cannot be subject to fast-paced work or work with strict production quotas, and that he can only handle job changes that are infrequent and "explained in advance." (Dkt. 11 at 26). Again, these severe restrictions are not consistent with only a moderate limitation in concentrating, persisting, or maintaining pace. *See Paula W. v. Comm'r of Soc. Sec.*, No. 8:18-CV-659 MAD ATB, 2019 WL 5150078, at *10 (N.D.N.Y. Aug. 28, 2019) ("The basic mental demands of unskilled work include the abilities (on a sustained basis) to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting. A substantial loss of ability to meet any of these basic work-related activities would severely limit the potential occupational base." (citation and alterations omitted)), *adopted*, 2019 WL 4564859 (N.D.N.Y. Sept. 20, 2019).

It is true that "a Step 3 determination is not an RFC assessment, but instead is used to rate the severity of mental impairment and a determination made at Step 3 therefore need not carry over verbatim to the ultimate RFC determination because the two determinations require distinct analysis." *Eric G. v. Comm'r of Soc. Sec.*, No. 19-CV-1328-FPG, 2021 WL 972503, at *4 (W.D.N.Y. Mar. 16, 2021) (citation and alterations omitted). However, where an ALJ finds "more severe limitations in the RFC than listed in [his] Step 3 finding without explanation," that "inconsistency calls into question the ALJ's Step 3 and RFC

determinations, and leaves [the] Court unable to discern the ALJ's reasoning or reconcile [his] inconsistent findings." *Jay*, 2018 WL 3688315, at *4. This is precisely what occurred in this case. Further, the error is not harmless. Had the ALJ found marked limitations in the two areas of mental functioning discussed above, "Plaintiff would be disabled *per se* at step three." *Julian A.*, 2021 WL 948046, at *4. Remand of this matter is accordingly required.

### B. Plaintiff's Remaining Argument

As set forth above, Plaintiff has identified an additional reason why he contends the ALJ's decision was not supported by substantial evidence. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach this argument. *See, e.g., Samantha D. v. Comm'r of Soc. Sec.*, No. 3:18-CV-1280 (ATB), 2020 WL 1163890, at *10 (N.D.N.Y. Mar. 11, 2020) (declining to reach arguments concerning whether ALJ's findings were supported by substantial evidence where the court had already determined that remand was necessary); *Raymond v. Comm'r of Soc. Sec.*, 357 F. Supp. 3d 232, 240-41 (W.D.N.Y. 2019) (declining to reach argument concerning whether RFC was supported by substantial evidence where the court had already determined the ALJ had erred at step three analysis in evaluating whether plaintiff had met the requirements under a listing).

### CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 17) is granted to the extent that the matter is remanded to the Commissioner for further

administrative proceedings consistent with this Decision and Order. The Commissioner's motion for judgment on the pleadings (Dkt. 18) is denied. The Clerk of Court is directed to enter judgment and close this case.

    SO ORDERED.

                                                          _____
                                                          ELIZABETH A. WOLFORD
                                                          Chief Judge
                                                          United States District Court

Dated:  August 31, 2021
        Rochester, New York